Citation Nr: 1730434 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 15-09 504 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUE

Entitlement to an initial compensable rating for service-connected hearing loss.


ATTORNEY FOR THE BOARD

Dominic Jones, Associate Counsel



INTRODUCTION

The Veteran served on active duty from August 1959 to August 1961. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a July 2013 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

This matter was previously before the Board in July 2016. In its decision, the Board remanded the claim in order to afford the Veteran a new VA examination. This examination was conducted in November 2016.

In the July 2016 decision, the Board noted that the issue of entitlement to service connection for tinnitus has been raised by the record in an April 2014 statement, but has not been adjudicated by the agency of original jurisdiction (AOJ). Therefore, the Board did not have jurisdiction over it, and it was referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b). This issue is again referred to the AOJ.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2).


FINDING OF FACT

The Veteran has level I hearing impairment in both ears.


CONCLUSION OF LAW

The criteria for an initial compensable evaluation for service-connected hearing loss have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2015); 38 C.F.R. § 3.102, 4.3, 4.7, 4.85 (2016).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet.App. 545, 552 (2008).

I. Legal Criteria

Ratings are based on a schedule of reductions in earning capacity from specific injuries or combination of injuries. The ratings shall be based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries in civil occupations. 38 U.S.C.A. § 1155. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1.

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 3.102, 4.3. 

The rating schedule for hearing loss provides that evaluations of hearing loss range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of controlled speech discrimination tests together with average hearing threshold levels as measured by pure tone audiometry tests in the frequencies 1000, 2000, 3000 and 4000 cycles per second (Hertz). To evaluate the degree of disability from defective hearing, the rating schedule established eleven auditory acuity levels designated from level I for essentially normal acuity through level XI for profound deafness. 38 C.F.R. § 4.85, Diagnostic Code 6100.

38 C.F.R. § 4.86(a) provides that when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz ) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. The provisions of 38 C.F.R. § 4.86(b) provide that when the pure tone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. That numeral will then be elevated to the next higher Roman numeral. Each ear will be evaluated separately.

II. Facts

In his initial February 2012 claim, the Veteran submitted a VA audiologic examination from July 2011. Interpreting the chart in favor of the Veteran, the pure tone thresholds of air conduction, in decibels, appeared to be as follows:




HERTZ



500
1000
2000
3000
4000
RIGHT
x
10
60
60
60
LEFT
x
15
65
60
50

The average pure tone threshold for the right ear was 47.5 decibels. The pure tone threshold average for the left ear was also 47.5. The speech discrimination score for the right ear was 96 percent. The speech discrimination score for the left ear was noted as 92 percent. The Board will presume the tests to be Maryland CNC as they were performed by VA.

The Veteran received a VA audiologic examination in July 2013. The pure tone thresholds of air conduction, in decibels, were as follows:







HERTZ



500
1000
2000
3000
4000
RIGHT
x
10
60
65
55
LEFT
x
20
65
60
50

The average pure tone threshold for the right ear was 47.5 decibels. The pure tone threshold average for the left ear was 48.75 decibels. The speech discrimination score for the right and left ear were both noted as 94 percent. 

Yet another VA audiologic examination was performed in November 2016, which was pursuant to the Board's remand. The pure tone thresholds of air conduction, in decibels, were as follows:




HERTZ



500
1000
2000
3000
4000
RIGHT
x
15
60
65
60
LEFT
x
15
65
55
55

The average pure tone threshold for the right ear was 50 decibels. The pure tone threshold average for the left ear was 47.5 decibels. The speech discrimination score for the right and left ear were both noted as 92 percent. The Veteran also reported difficulty hearing customers and his wife.

A July 2011 VA treatment note reflected the Veteran reporting decreased hearing bilaterally. He has been provided hearing aids. In his April 2014, the Veteran contended that his hearing loss had gotten worse due to a new complaint of tinnitus he described as a constant hissing in his ears.

III. Analysis

The results of the July 2011 VA audiogram, July 2013 VA examination, and November 2016 VA examination were similar in nature. All show level I hearing in the right ear and level I hearing in the left ear. Combining these values yields a noncompensable rating. See 38 C.F.R. § 4.85, Diagnostic Code 6100.

The Board finds that the preponderance of the evidence is against a compensable rating for the Veteran's hearing loss. The objective audiologic findings reflect that the Veteran's hearing has been noncompensable throughout the entirety of the appeal period. The Board acknowledges that the Veteran contends his hearing loss has gotten worse due to the onset of tinnitus. However, as noted above, the Board is referring that claim for adjudication by the RO in the first instance. The evidence reflects a noncompensable evaluation of hearing loss based on the mechanical application to the rating criteria. The Board has considered the benefit-of-the-doubt rule. However, because the preponderance of the evidence is against the Veteran's claim for an initial compensable rating for bilateral hearing loss, the benefit-of-the-doubt rule is not applicable. 38 U.S.C.A. § 5107 (b); 38 C.F.R. §§ 3.102, 4.3. Therefore, a higher initial rating for service-connected hearing loss is not warranted.


ORDER

An initial compensable rating for hearing loss is denied.




____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs